UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK ROESEL and JERRY HERNANDEZ,  Plaintiffs, v. DAM MANAGEMENT LLC d/b/a LANNING'S, Defendant. | **JURY DEMAND ENDORSED HEREON** |

**COLLECTIVE ACTION COMPLAINT FOR UNPAID MINIMUM WAGE**

Plaintiffs Mark Roesel ("Roesel") and Jerry Hernandez ("Hernandez") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, allege as follows for their Complaint against Defendant DAM Management LLC d/b/a Lanning's ("Defendant"):

1. Roesel began working for Defendant in about December 2020.

2. Hernandez began working for Defendant in about 1997.

3. Defendant was the employer of Plaintiffs and similarly situated employees.

4. Plaintiffs and similarly situated employees worked for Defendant as tipped hourly employees, including servers, bartenders, and bussers.

5. During that time that Plaintiffs worked for Defendant, Defendant failed to pay Plaintiffs and similarly situated employees at least minimum wages for the hours that they worked.

6. Some of Defendant's minimum wage violations are evident on the face of the pay stubs that it provided to Plaintiffs and similarly situated employees, Defendant paid Plaintiffs and situated employees less than the tipped employee minimum wage in at least 2021 and 2022.

7. From January 2021 until about June 18, 2021, while Roesel worked for Defendant, Defendant only paid Roesel $4.35 per hour, which was less than the Ohio tipped employee minimum wage of $4.40 per hour.  *See* Exhibit A (Roesel's selected 2021 pay records).

8. In 2022, Defendant only paid Roesel $4.40 per hour, which was less than the 2022 Ohio tipped employee minimum wage of $4.65 per hour.  *See* Exhibit B (Roesel's selected 2022 pay records).

9. In addition to the violations visible on the face of the pay stubs that Defendant provided to Plaintiffs, Defendant also failed to pay at least minimum wages to Plaintiffs and similarly situated employees, because Defendant charged Plaintiffs and similarly situated employees a 5% fee of credit card tips each shift that Plaintiffs and similarly situated employees worked.

10. Defendant was not entitled to require its tipped employees, that is, Plaintiffs and similarly situated employees, to share tips with Defendant, Defendant's management, and its non-tipped employees while simultaneously taking a tip credit for the hours that Plaintiffs and similarly situated employees worked.

11. Defendant's 5% fee of credit card tips that it charged to Plaintiffs and similarly situated employees resulted in Plaintiffs and similarly situated employees being required to share tips with Defendant or employees who do not customarily and regularly receive tips.  The 5% fee of credit card tips that Defendant charged to Plaintiffs and similarly situated employees went to "the house," which is a reference to Defendant itself.

12. The 5% fee of credit card tips that Defendant charged to Plaintiffs and similarly situated employees was also shared with non-tipped employees such as kitchen staff and management, because one of the money from those fees was to cover the cost of employee meals.

13. Plaintiffs and similarly situated employees were charged the 5% fee of credit card tips regardless of whether they partook in the employee meals.

14. Upon information and belief, the 5% fee of credit card tips that Defendant charged to Plaintiffs and similarly situated employees was also used to pay for the breakage of items such as plates and glasses.

15. The 5% fee that Defendant charged each shift to Plaintiffs and similarly situated employees also resulted in Plaintiffs and similarly situated employees receiving even less than the Ohio tipped employee minimum wage.

16. As a result of these minimum wage violations, Defendant was prohibited from applying a tip credit to its employees' wages. Accordingly, Defendant was required to pay Plaintiffs and similarly situated employees the non-tipped employee minimum wage (for example, $9.30 per hour in 2022) instead of the tipped employee minimum wage (for example, $4.65 per hour for 2022).

17. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

18. This Court has personal jurisdiction over the parties to this action.

19. Venue is proper in the Northern District of Ohio because Defendant conducted activity that gives rise to the claim for relief in this district and because part of the claim for relief arose in this district.

20. Plaintiffs consent to become plaintiffs in this action and have attached their written consents hereto as Exhibits C and D.

21. Defendant's revenues exceed $500,000 per year.

22. Defendant is an Ohio limited liability company, doing business in Summit County, Ohio.

23. Defendant is an enterprise engaging in interstate commerce.

24. Plaintiffs and other current and former employees of Defendant are similarly situated, because they have substantially similar job classifications, job duties, job requirements, and they were subjected to Defendant's common practice and policy of willfully and unlawfully deducting 5% of credit card tips, as well as not paying at least the tipped employee minimum wage for all hours worked.

25. Plaintiffs have hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

26. Defendant is required to comply with minimum wage requirements set forth in the Ohio Constitution, the Ohio Revised Code, and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

27. Defendant has violated Section 34a, Article II of the Ohio Constitution, Ohio Revised Code Section 4111.14, and the Fair Labor Standards Act by not paying Plaintiffs and similarly situated employees at least minimum wages for all hours worked.

28. Plaintiffs have been damaged by Defendant's non-payment of minimum wages.

29. In addition to being entitled to unpaid back wages, Plaintiffs and similarly situated employees are also entitled to an additional two times back wages as liquidated damages under the Ohio Revised Code or, in the alternative, liquidated damages under the Fair Labor Standards Act.

30. Defendant's conduct with regard to not paying minimum wages to Plaintiffs was willful.

31. Defendant is liable for the costs and reasonable attorney's fees of Plaintiffs pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

WHEREFORE, Plaintiffs demand judgment against Defendant for their unpaid minimum wages, liquidated damages, treble damages, post-judgment interest, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiffs*