UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK ROESEL and JERRY HERNANDEZ | ) | CASE NO. 5:23-CV-01584 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAM MANAGEMENT LLC d/b/a LANNING'S | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY AND TOLLING OF STATUTE OF LIMITATIONS AND RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO MOVE OR PLEAD IN RESPONSE TO PLAINTIFFS' COMPLAINT**

Plaintiffs Mark Roesel and Jerry Hernandez, on behalf of themselves and all others similarly situated, respectfully request that this Court toll the statute of limitations for any potential collective action members and permit expedited discovery in this matter.

Plaintiffs contend that the alleged minimum wage violations occurred to all of Defendant's tipped employees.  Each week that passes creates the potential that affected employees and former employees may not be able to collect wages to which they are entitled. Defendant's counsel has already informed Plaintiffs' counsel that they intend to file a Motion for Judgment on the Pleadings, which will require significant attorney's fees for all Parties, use up coveted judicial resources, and may significantly delay this matter from the very outset as the Court contends with ruling on various motions from the Parties.  Plaintiffs seek to toll the statute of limitations now to avoid future motions for equitable tolling of the statute of limitations, which motions are commonplace in FLSA Collective Actions, but which would create more

uncertainty and use more resources.  *See Braun v. Coulter Ventures, LLC,* No. 2:19-cv-5050, 2022 U.S. Dist. LEXIS 46322, at \*6 (S.D. Ohio Mar. 16, 2022) ("FLSA actions are subject to the doctrine of equitable tolling, which 'permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity.'") (citing *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) and *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Courts in the Sixth Circuit have allowed tolling at this stage, before opt-in plaintiffs are identified.

> Other courts depart from this trend and occasionally grant tolling before opt-in plaintiffs are identified. *See, e.g.*, *Kampfer v. Fifth Third Bank*, 2016 U.S. Dist. LEXIS 37056, 2016 WL 1110257, at \*7 (S.D. Ohio Mar. 22, 2016) ("The Defendants argue such relief is premature as the Plaintiffs are not asking for relief on their own behalf but on behalf of the potential opt-in plaintiffs. . . . While this issue is the subject of debate among some of my trial court colleagues in this Circuit, I find there is a valid reason to allow limited equitable tolling in this case."); *see also Engel v. Burlington Coat Factory Direct Corp.*, 2013 U.S. Dist. LEXIS 130513, 2013 WL 5177184 (S.D. Ohio Sept. 12, 2013).

*Braun*, at \*8.  Plaintiffs have no objection to Defendant's requested extension if Defendant agrees to toll the statute of limitations for any potential opt-in members, or if the Court grants this Motion for tolling, and Defendant has provided no reason whatsoever for why it cannot agree to toll the statute of limitations (aside from asserting the conclusion that it "cannot").

This Court should also permit expedited discovery in this matter.  The two issues in this matter (minimum wage violations on the face of the pay stubs and an illegal 5% fee of credit card tips) are not complicated.  Discovery should be completed this calendar year, which will aid judicial efficiency, substantially lower attorney's fees and costs, and provide the Parties with an efficient resolution to this matter.  These goals are the basis for why counsel for Plaintiffs requested an in-kind extension in response to Defendant's request for an extension of time.

Plaintiffs respectfully request that the Court grant this Motion for the benefit of all Parties to this

action.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2023, the foregoing was filed via this

Court's electronic filing system, which shall serve notice upon counsel for Defendant.


/s/ Christopher M. Sams