UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK ROESEL and JERRY HERNANDEZ<br><br>Plaintiffs,<br><br>v.<br><br>DAM MANAGEMENT LLC d/b/a LANNING'S<br><br>Defendant. | CASE NO. 5:23-CV-01584<br><br>JUDGE: JOHN R. ADAMS |

## REPORT OF PARTIES' PLANNING MEETING

1.   Pursuant to Fed. R. Civ. P. 26(f) and LR 16:3(b)(3), a meeting was held on <u>October 6, 2023</u>   and was attended by:

<u>Christopher Sams</u>      counsel for plaintiff(s) <u>Mark Roesel and Jerry Hernandez and all others similarly situated</u>

_____   counsel for plaintiff(s)  _____

<u>David A. Campbell</u>     counsel for defendant(s) <u>DAM Management LLC d/b/a Lanning's</u>

<u>Donald G. Slezak</u>        counsel for defendant(s) <u>DAM Management LLC d/b/a Lanning's</u>

2.   The parties:

\_\_   have not been required to make initial disclosures.

<u>X</u>   have exchanged the pre-discovery disclosures required by Fed. R. Civ. P.

26(a)(1) and the Court's prior order.

3. The parties recommend the following track:

\_\_\_ Expedited   \_X\_ Standard (but Complex if the Court permits facilitation of notice to potential opt-in Plaintiffs)

\_\_\_ Administrative   \_\_\_ Complex

\_\_\_ Mass Tort

4. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

\_\_\_ Early Neutral Evaluation

\_\_\_ Mediation (not at this time, but may be suitable later)

\_\_\_ Arbitration

\_\_\_ Summary Jury Trial

\_\_\_ Summary Bench Trial

\_X\_ Case not suitable for ADR (but Mediation may be suitable later)

5. The parties \_\_\_ do/ \_X\_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

<u>Plaintiffs have filed a collective action lawsuit pursuant to the Fair Labor Standard Act. The Parties intend to take written discovery as well as depositions. Discovery will include topics such as the number of hours that Plaintiffs worked, the number of hours for which Plaintiffs and other tipped</u>

employees were paid, whether Defendant was entitled to take a tip credit, whether Defendant paid Plaintiffs below the applicable tipped-employee minimum wage rate for each year, Plaintiffs' allegations concerning an illegal tip pool, Defendant's service process charge for tips processed through a credit card, and Defendant's applicable defenses. Defendant intends to conduct written discovery and depositions for the named Plaintiffs as well as any individual who joins this lawsuit.

(b) Discovery cut-off date: Plaintiffs recommend a discovery cut-off date of January 30, 2024, regardless of whether the Court permits facilitation of notice to potential opt-in Plaintiffs.

Defendant recommends that discovery should occur in two stages, where the first stage will consist of written discovery and depositions of the named Plaintiffs, and a proposed cut off for the first stage of discovery of May 31, 2024. If Plaintiffs seek and are granted conditional certification, the second stage of discovery will commence. Defendant requests that a date to complete the second stage of discovery be set following the conclusion of the first stage and after the disposition of any conditional certification.

7. Recommended dispositive motion date: Plaintiffs request that a dispositive motion deadline be set 30 days after the conclusion of the discovery cut-off date: February 29, 2024, if the Court adopts a discovery cut-off date of January 30, 2024. Defendant requests that the Court set two dispositive motion deadlines. The first dispositive motion deadline would concern discovery conducted in the first stage of discovery pertaining to the named Plaintiffs. Defendant has provided to Plaintiffs documented evidence that it claims establishes that the named Plaintiffs were paid at or above the minimum wage at all times. Plaintiffs disagree, and Plaintiffs maintain that they were not paid at or above the minimum wage at all times. Defendant intends to file a motion for summary judgment on Plaintiffs' claims based upon these issues. Defendant requests that the dispositive motion deadline with respect to the first stage of discovery be set for July 31, 2024. The dispositive motion with respect to the second stage of discovery would address any additional individuals who may join this lawsuit, and Defendant requests that this deadline be set when the parties and the Court discuss the deadline for the conclusion of the second stage of discovery.

8. Recommended cut-off date for amending the pleadings and/or adding

additional parties: November 29, 2023

9. Recommended date for a Status Hearing: February 16, 2024

10. Other matters for the attention of the Court: <u>Pursuant to the Court's Case Management Conference Scheduling Order, Plaintiffs have provided an initial demand with a written description and monetary breakdown of the damages claimed. Defendant has served its response to the Plaintiffs' demand.</u>

                        Respectfully submitted,

<u>/s/ David A. Campbell</u>
David A. Campbell, Esq.
Supreme Court No. 0066494
Donald G. Slezak, Esq.
Supreme Court No. 0092422
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
David.A.Campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com
216-298-1261
216-344-9421 (fax)
*Counsel for Defendant*

<u>/s/ Christopher M. Sams</u>
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2023, the foregoing was served via this Court's electronic filing system, which shall serve notice upon counsel for Defendant.

/s/ Christopher M. Sams