UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| MARK ROESEL, *et al.* | ) | CASE NO. 5:23-CV-01584 |
|---|---|---|
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| DAM MANAGEMENT LLC d/b/a LANNING'S | ) | |
| Defendant. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS

Plaintiffs Mark Roesel and Jerry Hernandez ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully submit this Reply in Support of Their Second Motion for Court-Authorized Notice to Potential Opt-In Plaintiffs. Defendant's *Opposition*[1] relies almost entirely on irrelevant arguments. This Court should find that there is a strong likelihood that Plaintiffs and the potential opt-in plaintiffs are substantially similar and facilitate notice of the lawsuit to potential opt-in plaintiffs by approving the "Notice of Collective Action Lawsuit" (attached to Plaintiffs' *Motion* as Exhibit A), authorizing Plaintiffs to deliver it to the individuals on the list of potential opt-in plaintiffs, and requiring Defendant to provide to Plaintiffs within ten business days (1) the names of all individuals employed as servers, bartenders, or bussers by DAM Management LLC d/b/a Lanning's for any period of time since August 14, 2020, (2) their contact

---

[1] Plaintiffs note that Defendant violated the page-length limitation in Local Rule 7.1 by claiming that it has interpreted Plaintiffs' Motion as a dispositive motion. Clearly, a Motion for Court Authorized Notice is not a dispositive motion, and this is further evident through the 14-day deadline for its Response, which the Court noted during the parties' October 9 status conference. For this same reason, Plaintiffs are abiding by the 7-day Reply deadline in Local Rule 7.1.

information, including last-known home addresses (including zip code), home and mobile telephone numbers, and e-mail addresses, and (3) their dates of employment.

## I. **Plaintiffs' Tips Are Not Calculated in Minimum Wage, and Plaintiffs Are Entitled to Damages**

Defendant's *Opposition* spends significant time arguing that Plaintiffs are not entitled to damages, because their "hourly wage far exceeded both the federal and Ohio minimum wages by many magnitudes." Def's Mot. at 14. The argument is, frankly, outrageous, because Defendant's support for this contention is that, ***when factoring in the tips that Plaintiffs received***, Plaintiffs earned more than the tipped-employee and regular minimum wages. Of course, the tips that Plaintiffs received do not factor into a minimum wage violation analysis. Taking Defendant's logic, they could pay Plaintiffs $0 per hour and not be in violation of the minimum wage, as long as they received sufficient tips. The FLSA and Ohio law do not permit this. 29 U.S.C. § 203(m)(2)(A) (defining the minimum wage required to be paid by employers to tipped employees); Ohio Const., Art. II, § 34a ("An employer may pay an employee less than, ***but not less than half***, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked." (emphasis added)). Furthermore, customers give tips to Plaintiffs; tips are not wages paid by an employer.

## II. **There Is Supplemental Jurisdiction Because the Claims Form the Same Case or Controversy, and State Law Claims Do Not Predominate**

Supplemental jurisdiction exists because the state law and federal claims in this matter are virtually identical. Plaintiffs' claims are timely filed. The statute of limitations for unpaid minimum wage claims are two years if the violation is not willful and three years if the violation is willful. 29 U.S.C. § 255(a). Under Ohio law, a three-year statute of limitations always applies.

Ohio Const., Art. II, § 34a. That is, Plaintiffs are entitled to damages for every minimum wage violation going back ***at least*** two years from the date of the lawsuit. Both Plaintiffs' respective employments ended well within two years of the filing of the lawsuit (let alone three years), so their claims are timely filed. *See* Dec. of Jerry Hernandez Doc. #12-4, PageID #129 ("I worked for DAM Management LLC d/b/a Lanning's ("Defendant") from about December 2020 to June 2022, and I worked at the restaurant under different ownership starting in 1997."); *see*, *also*, Dec. of Mark Roesel Doc. #12-2, Page ID #126 ("I worked for DAM Management LLC d/b/a Lanning's ("Defendant") from about December 2020 to February 2022".).

There *is* a case or controversy regarding FLSA violations here. Indeed, this Court has already ruled once that Defendant violated the federal minimum wage. Court's *Memorandum of Opinion and Order* Doc. #39, PAGEID #903-904 ("This Court agrees that Defendant failed to comply with the minimum wage requirements under the FLSA and the Ohio Act."). The Ohio minimum wage is the correct wage to review when calculating damages, but, as this Court has correctly identified, the FLSA was still violated. *Id*.

### III. <u>Plaintiffs Are Substantially Similar</u>

Defendant makes three separate arguments for why Plaintiffs and the potential opt-in plaintiffs are not substantially similar: 1) Plaintiffs' claims fail as a matter of law; 2) The potential class of opt-ins are not substantially similar; and 3) individualized discovery of each potential opt-in is necessary. All of these arguments fail.

#### A. Plaintiffs' Claims Do Not Fail as a Matter of Law, but Such Inquiry Is Irrelevant Here.

Plaintiffs' claims do not fail as a matter of law, as supported by this Court's Order granting Plaintiffs' Motion for Partial Summary Judgment. Regardless, the merits of Plaintiffs' claims are irrelevant to the analysis for whether to permit notice of the lawsuit to potential opt-in plaintiffs.

The only inquiry that the Court makes in deciding whether to grant Plaintiffs' Motion is whether Plaintiffs have shown "a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). Indeed, it would be impractical for courts to make a decision on the merits, because of the Sixth Circuit's guidance that "district courts should expedite their decision to the extent practicable." *Id*. In any case, this Court's decisions on the numerous dispositive motions that have been filed in this matter will provide clarity on the issue that Plaintiffs' claims do not fail as a matter of law.

### B. The Potential Opt-In Plaintiffs Are Substantially Similar to Plaintiffs.

Defendant's primary argument that the potential opt-in plaintiffs purportedly are not similarly situated to Plaintiffs is that "bussers and bartenders performed very different duties than servers." Def.'s Mot. at 11. This does not make bussers and bartenders not similarly situated. By Defendant's own admission, all three positions were subject both to the same wage rate and all were impacted by the credit card deduction policy. Trnka Dep. 10-13, Doc. #20-1, PAGEID #175-178 (attached to Plaintiffs' Partial Motion for Summary Judgment as Exhibit A). That is, servers, bartenders, and bussers "were subject to the same policies – as to both timekeeping and compensation – as the original plaintiffs were." *Clark*, at 1010. Of course, there is no doubt that the remaining servers were substantially similar. Specific job duties do not prevent a showing that the employees were similarly situated.

The amount of hours that each individual employee worked is not relevant. In virtually every collective action, the employees will have worked a discrete number of hours. Again, the question is, regardless of the hours, were these employees subject to the same policy? Defendant

admitted that they were paid the same wage and subjected to the same credit card tip deduction. Trnka Dep. 10-13.

### C. Individualized Discovery of Each Potential Opt-In Is Not Necessary.

There is no need for individualized discovery of potential opt-ins. The merits of Plaintiffs' claims have already been fully briefed. If the Court does not change its previous Order on the dispositive motion briefing pursuant to Defendant's Motion for Reconsideration and grants Plaintiffs' Motion for Notice of this Lawsuit, then the only issue remaining will be the damages to each opt-in plaintiff. This can be calculated through Defendant's payroll records.[2] Indeed, Defendant argues that individualized discovery would be necessary to determine the "wage rates they received, and the tips that they received." Def.'s Mot. at 18-19. The tips received are not relevant to any notice, liability, or damages issue, so discovery is not necessary on the tips received. And Defendant has already provided explicit testimony that *all* bartenders, bussers, and servers received the exact same wage ($6 per hour after June 2021), so discovery is not necessary on that issue. Trnka Dep. 10-13 ("Bussers are $6 an hour . . . Bartenders are $6 an hour.") It will be necessary for Defendant to produce the payroll records for any opt-in plaintiffs in order to calculate damages, just as it would be necessary in any collective action.

As already addressed in this brief, Defendant is not entitled to factor in tips to dodge its minimum wage obligations.

### IV. <u>The Proposed Notice Is Not Faulty</u>

Defendant argues that Plaintiffs' proposed notice is "faulty" because it requests permission to send notice to servers, bartenders, and bussers who worked for DAM Management for any

---

[2] These damages are calculated through a review of the number of hours worked by each opt-in plaintiff. The only additional records necessary are payroll records for any plaintiff who opts in to the lawsuit.

5

period of time since August 14, 2020, but Defendant did not own Lanning's until December of 2020. The notice is not faulty. If an employee *only* worked at Lanning's restaurant prior to DAM Management's ownership, then they, by definition, do not fit the class. ("servers, bartenders, and bussers *who worked for DAM Management*). The August 14, 2020 date represents the three-year period preceding the filing of Plaintiffs' lawsuit. That is, the maximum period that the statute of limitations could apply to Plaintiffs' minimum wage claims.

**V.      Conclusion**

For these reasons, this Court should grant Plaintiffs' *Motion*.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2024, a true and correct copy of this document was served by this Court's Electronic Filing System, which will serve notice upon counsel for Defendant.

/s/ Christopher M. Sams