UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK ROESEL, *et al.* | CASE NO. 5:23-cv-01584-JRA |
| Plaintiffs, | |
| v. | JUDGE JOHN ADAMS |
| DAM MANAGEMENT LLC d/b/a LANNING'S | **ORDER AND DECISION** |
| Defendant. | |

This matter comes before the Court on Plaintiffs' Second Motion for Court-Authorized Notice to Potential Opt-in Plaintiffs. Doc. 40. Plaintiffs seek authorization from the Court to issue notice to potential opt-in plaintiffs in this collective action pursuant to 29 U.S.C. § 216(b), as well as O.R.C. § 4111.14(K). Defendant DAM Management, LLC, DBA Lanning's has opposed the motion. Doc. 45. The matter is fully briefed. Having reviewed the briefing, the Court hereby GRANTS Plaintiffs' motion.

## I. Procedural History

On August 14, 2023, Plaintiffs Mark Roesel and Jerry Hernandez, servers at Lanning's restaurant, filed the instant Collective Action Complaint, asserting violations of Ohio's minimum wage laws and the Fair Labor Standards Act ("FLSA"). Doc 1. On February 29, 2024, Plaintiffs filed their motion for partial summary judgment, asserting that they were entitled to judgment as a matter of law on their unpaid minimum wage claim, leaving the amount of damages as the only remaining genuine issue of material fact. Doc. 20. On that same day, Defendant filed its motion for summary judgment, asserting that Plaintiffs were paid above federal minimum wage at all times relevant to the lawsuit. Doc. 20. On September 12, 2024, this Court granted Plaintiffs' motion for

summary judgment, concluding that Defendant withheld more than is permissible from Plaintiffs' tips, thus violating the FLSA and Ohio's minimum wage laws. Doc. 39.

On September 26, 2024, Plaintiffs filed their motion for Court-authorized notice to potential opt-in plaintiffs, seeking to notify all of Defendant's tipped employees including servers, bartenders and bussers of this action. Doc. 40.

On October 8, 2024, Defendant moved for reconsideration of this Court's grant of summary judgment in Plaintiff's favor. Doc. 41. On October 17, 2024, Defendant opposed Plaintiffs' motion for court-authorized notice, asserting that servers, bussers, and bartenders are not substantially similar positions[1]. Doc. 45. Both matters were fully briefed. On January 23, 2025, the Court denied Defendant's motion for reconsideration, affirming its conclusion that Defendant improperly withheld money from Plaintiffs' tips. Doc. 48.

**II.     Law and Analysis**

The FLSA provides that plaintiffs may litigate federal minimum wage and overtime claims on their own behalf and on the behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). The overall goal of proceeding as a collective action is to promote "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989). The Supreme Court made clear in *Hoffmann-La Roche* that the court's facilitation of notice must not "in form or function" resemble "the solicitation of claims." *Id.* at 174. And notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation of those employees to bring suits of their own. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) (citing *Swales v.*

---

[1] Defendant also reiterates its argument that its withholding was permissible and lawful and that it had filed its motion for reconsideration of this Court's order ruling otherwise. Doc. 45, p. 2. However, the Court has since ruled on this motion, declining to reconsider its order and reaffirming that Defendant violated the FLSA.

*KLLM Transport Services, L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021)). To the extent practicable, therefore, court-approved notice of the suit should be sent only to employees who are in fact similarly situated. *Id.* at 10.

The Sixth Circuit has held that for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a "strong likelihood" that those employees are similarly situated to the plaintiffs themselves. *Id.* at 1011. The "strong likelihood" "standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* "The strong-likelihood standard. . . would confine the issuance of court-approved notice. . . to employees who are in fact similarly situated; and it would strike the same balance that courts have long struck in analogous circumstances." *Id.*

Here, Plaintiffs contend that there is a "strong likelihood" that the proposed potential opt-in plaintiffs, other servers, bartenders, and bussers, are "similarly situated" to the named Plaintiffs because they were all subject to the same unlawful tip withholding policy. This Court agrees.

"Plaintiffs are similarly situated when their claims are 'unified by common theories of defendants' statutory violations,' such as 'a single, FLSA-violating policy[.]' *Gifford v. Northwood Healthcare Grp., LLC,* No. 2:22-CV-4389, 2023 U.S. Dist. LEXIS 146707, at *8 (S.D. Ohio Aug. 21, 2023) quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). Though some proof may be individualized, proof of the policy or conduct in conformity with the policy should prove a violation as to all plaintiffs. *Id.* The cause of action for all similarly situated employees will have "accrued in approximately the same manner as those of the named plaintiff." *Lewis v. Huntington Nat'l Bank*, 789 F.Supp. 2d 863. 867 (S.D. Ohio 2011). The circumstances of the consent plaintiffs must be similar to that of the original plaintiff but need not be identical. *Id*.;

*Foley v. Wildcat Invs.*, LLC, 2023 U.S. Dist. LEXIS 120278, 2023 WL 4485571 (S.D. Ohio July 12, 2023). "Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies as the original plaintiffs were." *Clark*, 68 F.4th at 1010.

At issue in this case is Defendant's credit card processing fee deduction policy. Defendant explains that "pursuant to this policy, Defendant deducts five percent from all tips paid [by] customers using credit cards. The five percent deduction is used by Defendant solely to recoup a small portion of the credit card processing fees paid by Defendant to the credit card merchants." Doc. 21-1, p. 4. This policy was in effect before Defendant purchased the restaurant in December of 2020 through at least January of 2024. Doc. 21-1; Doc. 21-2, p. 17 (conceding that the policy was still in the effect as of the date of the co-owner's January 2024 deposition). Defendant concedes that this policy applies to all its tipped employees. Specifically, the five percent is deducted from the credit card tip that the server receives. After that deduction, 20 percent of the remaining tip is given to the bussers. After tipping out the bussers, 10 precent of the remaining tip goes to the bartender. Defendant provided the following example:

> A. It's a sliding scale, however.
> Q. Okay. What do you mean by that?
> A. So if a server has a $100 tip, the first 5 percent goes to the house.
> Q. Okay.
> A. Once that is deducted the next 20 percent goes to the bussers. Once that is deducted, the next 10 percent goes to the bartender. So it's not a straight 10 percent of the first $100.

Doc. 21-2, p. 11-12. Further, bartenders are sometimes tipped directly from bar guests. In that case, the credit card policy applies to them directly and the five percent is deducted from their credit card tip. Doc. 21-2, p. 11. Thus, there can be no question that all of Defendant's servers, bussers and bartenders are tipped employees that are "'unified by common theories of defendants'

statutory violations,' such as 'a single, FLSA-violating policy[.]'" and are therefore similarly situated. *Gifford v. Northwood Healthcare Grp., LLC,* No. 2:22-CV-4389, 2023 U.S. Dist. LEXIS 146707, at *8.

This Court has already concluded that Defendant's credit card deduction policy amounted to Defendant withholding significantly more than allowable under the FLSA and therefore, unlawful. Doc. 39. "Accordingly, Defendant is impermissibly withholding its employees' tips and is therefore not entitled to the 'tip credit' for purposes of minimum wage." Doc. 39, p. 9. Because the tip credit does not apply, Defendant was required to pay its employees minimum wage. It is undisputed that Defendant paid its employees (servers, bartenders and bussers) $4.35 from December 2020 to June of 2021, $4.40 from June of 2021 to November of 2021, and $6.00 from December of 2021-present. Doc. 20-1, p. 10-11, 14-15. This is well under minimum wage per the Ohio Act ($8.70 in 2020; $8.80 in 2021; $9.30 in 2022; $10.10 in 2023; $10.45 in 2024) and the FLSA. Doc. 39, p. 9-10. This applies to all servers, bussers, and bartenders. Thus, there can be no debate that Plaintiffs established a "strong likelihood" that the other servers, bussers, and bartenders are similarly situated to the named Plaintiffs.

### III. The Proposed Notice

Plaintiffs seek to notify the following employees about the instant lawsuit: "All servers, bartenders, and bussers employed by DAM Management LLC d/b/a Lanning's for any period of time since August 14, 2020." Doc. 40-1. Defendants only argument regarding this notice is that it did not own Lanning's until December of 2020. Doc. 45, p. 19. Plaintiffs counter that "[t]he August 14, 2020 date represents the three-year period preceding the filing of Plaintiffs' lawsuit. That is, the maximum period that the statute of limitations could apply to Plaintiffs' minimum wage claims." Doc. 46, p. 6. The Court agrees that the period prior to December 11, 2020, the

date DAM Management purchased Lanning's (doc. 21-1, p. 2), is not applicable to the instant case. As such, the proposed notice shall be modified to notify:

> **All servers, bartenders, and bussers employed by DAM Management LLC d/b/a Lanning's for any period of time since December 11, 2020.**

For purposes of the record, counsel is to file an updated notice that is consistent with the Court's order.

Within 14 days of the date of this Order, Defendants shall provide to Plaintiffs

(1) The names of all individuals employed as servers, bartenders, or bussers by DAM Management LLC d/b/a Lanning's for any period of time since December 11, 2020,
(2) their contact information including last-known home addresses (including zip code), home and mobile telephone numbers, and e-mail addresses, and
(3) their dates of employment.

Notice may commence as soon as Plaintiffs receive the information necessary for service.

## IV. Conclusion

For the reasons stated above, Plaintiffs' Second Motion for Court-Authorized Notice to Potential Opt-in Plaintiffs (doc. 40) pursuant to 29 U.S.C. § 216(b) is GRANTED. Plaintiffs shall file the updated notice consistent with this Order. Defendant shall provide Plaintiffs with the information listed above within 14 days of the date of this Order.

IT IS SO ORDERED.

DATE: July 10, 2025                    /s/ Judge John R. Adams
                                       JUDGE JOHN R. ADAMS
                                       UNITED STATES DISTRICT COURT