UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK ROESEL, *et al.*, | ) | CASE NO. 5:23-CV-01584 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| DAM MANAGEMENT, LLC | ) | |
| dba LANNING'S | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's "motion to delay a ruling on briefing in this matter to permit further discovery relevant to damages and for a jury trial on damages." Doc. 74. This motion is DENIED.

To give context to the Court's denial of Defendant's untimely motion, the Court sets forth the following procedural facts: On August 14, 2023, Plaintiffs filed the instant Collective Action Complaint, asserting violations of Ohio's minimum wage laws and the Fair Labor Standards Act. Doc 1. The Court has ruled on liability, doc. 39, and granted Plaintiffs' notice of collective action to potential opt-in Plaintiffs, doc. 52. The opt-in period closed on September 27, 2025. Doc. 60. The only remaining issue is that of damages.

On January 6, 2026, Plaintiffs filed a motion for a status hearing to discuss payroll records for the opt-in plaintiffs. Doc. 60. Plaintiffs asserted that Defendant failed to produce the documents. Id. The Court solicited position statements on the issue, which were emailed to the Court rather than filed. Doc. 61. In their statement, Plaintiffs asserted that despite various attempts, Defendant failed to produce the necessary payroll records.  Defendant gave various excuses for the delay in producing the records, but noted that it had since produced the first portion of the payroll records and assured the Court that it was

1

> finalizing the remaining documents and anticipates producing the vast majority of the remaining time punches and payroll documents by January 12, 2026. Defendant has additional payroll documents from its prior payroll processor that it is working to obtain and anticipated producing these documents by January 26, 2026. Finally, Defendant is finalizing documents relevant to cash tips received by some or all of the opt-in plaintiffs. This process involves manually reviewing receipts and payroll data. Defendant anticipates producing these documents by January 26, 2026.

Notably, Defendant informed that Court that it "**does not anticipate any additional discovery beyond these items.**"

On January 9, 2026, after the exchange of these position statements, the parties filed a joint motion to vacate or continue the hearing and a "stipulation of deadline to produce payroll records." Doc. 62. The parties noted that, "[g]iven the respective Summaries, the Parties stipulate that the entirety of the opt-in plaintiffs' payroll records shall be produced by January 26, 2026." Doc. 62. The parties further assured the Court that there was no additional need for a status hearing and jointed moved the Court to cancel the hearing and "to order production of the opt-in plaintiffs' payroll records by January 26, 2026[.]" Doc. 62. The Court granted the joint motion and further ordered the parties to file a joint status report on January 27, 2026 detailing the resolution of the issue. Doc. 63.

> On January 27, 2026, the parties filed their joint status report explaining that
>
> On January 26, 2026, Defendant produced the time and pay data for Plaintiffs and the opt-in members. Defendant additionally produced documents related to the credit card and cash tips received by the Plaintiffs and opt-in members. Defendant believes that this production satisfies both Plaintiff's requests and this Court's January 9, 2026 order. If Defendant discovers additional documents relevant to this matter, Defendant will immediately produce those documents **but believes that all relevant documents have been produced.** Additionally, Defendant will meet and confer on any issues with the production raised by Plaintiff's counsel.

(emphasis added) Doc. 64. On March 13, 2026, Plaintiffs filed a status report noting that the discovery period had concluded, but that Defendant had indicated that it intended to request additional discovery. Plaintiffs further noted their intention to file a motion for summary judgment

2

on the issue of damages. Defendant did not file a status report. On March 25, 2026, the Court noted

that "[p]er the Parties' stipulation, discovery related to damages of the opt-in Plaintiffs closed on

January 26, 2026. This matter is therefore ripe for dispositive motions as to damages. Doc. 62. The

Court **will not revisit** its previous rulings on liability." Doc. 66. The Court ordered dispositive

motions as to damages only due by April 27, 2026.

The parties timely filed their respective motions which became ripe on June 10, 2026.

Defendant filed the instant motion that same day.

In its motion, Defendant contends that, although it produced the payroll and time records,

"there is no testimony concerning these records and there has been no other discovery concerning

alleged damages. Additionally, there has been no discovery into the 20 opt-ins, their relevant

employments, tips and benefits received, whether they are appropriate for this lawsuit." Doc. 74.

The matter of Court-authorized notice to potential opt-in Plaintiffs was fully briefed and

argued. On June 10, 2025, the Court concluded that "there can be no question that all of

Defendant's servers, bussers and bartenders are tipped employees that are "'unified by common

theories of defendants' statutory violations,' such as 'a single, FLSA-violating policy[.]'" and are

therefore similarly situated. *Gifford v. Northwood Healthcare Grp*., LLC, No. 2:22-CV-4389,

2023 U.S. Dist. LEXIS 146707, at *8." Doc. 52. Further,

> This Court has already concluded that Defendant's credit card deduction policy
> amounted to Defendant withholding significantly more than allowable under the
> FLSA and therefore, unlawful. Doc. 39. 'Accordingly, Defendant is impermissibly
> withholding its employees' tips and is therefore not entitled to the 'tip credit' for
> purposes of minimum wage.' Doc. 39, p. 9. Because the tip credit does not apply,
> Defendant was required to pay its employees minimum wage. It is undisputed that
> Defendant paid its employees (servers, bartenders and bussers) $4.35 from
> December 2020 to June of 2021, $4.40 from June of 2021 to November of 2021,
> and $6.00 from December of 2021-present. Doc. 20-1, p. 10-11, 14-15. This is well
> under minimum wage per the Ohio Act ($8.70 in 2020; $8.80 in 2021; $9.30 in
> 2022; $10.10 in 2023; $10.45 in 2024) and the FLSA. Doc. 39, p. 9-10. This applies
> to all servers, bussers, and bartenders. Thus, there can be no debate that Plaintiffs

3

established a 'strong likelihood' that the other servers, bussers, and bartenders are similarly situated to the named Plaintiffs.

Doc. 52. Defendant points to no specific need for any further discovery, short of impermissibly[1] attacking Plaintiffs' motion for summary judgment.

Even if Defendant could justify the need for further discovery, it cannot and does not provide *any* rationale for its extreme delay in raising the issue to the Court. At no time between the Court's June 10, 2025 grant of Court-Authorized notice to potential opt-in Plaintiffs did Defendant raise *any* concerns regarding damage discovery to the Court. Not even when the issue was raised by Plaintiff in January of 2026. To the contrary, Defendants *assured* the Court that it "does not anticipate any additional discovery beyond [the] items" requested by Plaintiff. Defendant confirmed this statement after it made its production that it "believes that all relevant documents have been produced." Doc. 64. Defendant did not contest the Court's statement that based upon the parties' stipulation, discovery related to the opt-in Plaintiffs closed on January 26, 2026, nor did it challenge Plaintiffs' position in their status report that discovery was closed. Not once did the Defendant seek permission from this Court to extend the deadline or to take any depositions on the issue. Nor does Defendant provide *any* excuse for waiting until **the day summary judgments were ripe** for review to file this motion.

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

DATED: June 12, 2026                          /s/ John R. Adams
                                              Judge John R. Adams
                                              UNITED STATES DISTRICT COURT

---

[1] Defendant takes issue with the evidentiary support in Plaintiffs' motion for summary judgment. As noted above, the motions for summary judgment are ripe for review and the Court has previously prohibited the filing of sur-replies without permission. Docs. 13, 66.